940 F.2d 651
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
SUNDRA WARE, Individually and as Personal Representative of
the Estate of Ronald Lee Ware, Sr.; CANDACE WARE;
MELISSA WARE; RONALD WARE, JR.,
Plaintiffs-Appellants,
v.
MEMORIAL HOSPITAL AND MEDICAL CENTER OF CUMBERLAND,
INCORPORATED; CENTRE RADIOLOGY, PA, A Professional
Corporation; EMMETT J. COX, MD; RICHARD L. SNIDER, MD;
RICHARD L. SNIDER, MD, PA, A Professional Corporation,
Defendants & Third Party Plaintiffs-Appellees,
v.
STEPHEN Z. TURNEY, MD; SHOCK TRAUMA ASSOCIATES, PA, Third
Party Defendants.
 No. 90-1105.
 UNITED STATES COURT OF APPEALS,
FOURTH CIRCUIT
 Argued: July 9, 1991
Decided: August 14, 1991
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Frank A. Kaufman, Senior District Judge. (CA-88-796-K)
 ARGUED: J. Kendall Few, Greenville, South Carolina, for Appellants.
 Angus Robert Everton, MONTEDONICO & MASON, CHARTERED, Baltimore, Maryland, for Appellees.
 ON BRIEF: Andrew E. Greenwald, Steven M. Pavsner, JOSEPH, GREENWALD & LAAKE, P.A., Greenbelt, Maryland, for Appellants. Roy L. Mason, MONTEDONICO & MASON, CHARTERED, Baltimore, Maryland; Conrad W. Varner, MILES & STOCKBRIDGE, Frederick, Maryland, for Appellees.
 Before WILKINSON, WILKINS, and NIEMEYER, Circuit Judges.
 PER CURIAM:
 
 
 1
 Plaintiffs brought this action claiming that defendants committed medical malpractice in failing to timely diagnose a tear in the aorta of Ronald L. Ware, Sr., which he received as a result of an automobile accident. The jury returned a verdict in favor of defendants.
 
 
 2
 At the hospital following the accident, Ware, who was intoxicated, used profanity when addressing medical personnel and an investigating law enforcement officer. Plaintiffs claim that the district court erred in admitting evidence of Ware's use of profanity. They argue that the evidence was irrelevant or if relevant, its prejudicial effect outweighed its probative value. See Fed. R. Evid. 401-03. We find that the evidence was relevant to show Ware's hostile and uncooperative demeanor at the hospital on the night of the accident, which may have prevented hospital personnel from obtaining an adequate medical history or better x-rays upon admission. We cannot say that the district court abused its discretion in finding that the prejudicial effect of the evidence did not substantially outweigh its probative value. See Mullen v. Princess Anne Volunteer Fire Co., 853 F.2d 1130, 1135 (4th Cir. 1988); see also United States v. Bright, 630 F.2d 804, 814 (5th Cir. 1980) (testimony about offensive language unlikely to prejudice the jury given society's mores).
 
 AFFIRMED